## WILLIAM H. DUSTIN *vs.* JOSIAH CROSBY.

### Penobscot.    Opinion April 4, 1883.

*Attachment.    Liens.*

A made a verbal contract to purchase a lot of land of B, took possession of it, erected a building upon it, and failed to pay for the labor and materials which entered into the construction of the building.   One lien-creditor attached the building as personal property, and another attached the building with the lot of land as real estate.

*Held,* that the building became a part of the real estate of B, and that as against him neither creditor obtained a valid attachment upon the building.

*Held,* also, that B was not estopped from asserting title to the building by verbally disclaiming any interest in it beyond an amount of damages occasioned by an injury to his land by erecting the building upon it.

In actions to enforce a statutory lien upon buildings, if the debtor's interest be realty, it must be attached as such; and be attached as personalty when it is personalty; the same distinction, as to the mode of attachment, to be preserved as in ordinary suits.

*Pullen* v. *Bell,* 40 Maine, 314, overruled.

ON REPORT.

Trover for the value of a building erected in the summer of 1876 on land of Benjamin F. Mills, by George W. Dearborn, who was in possession of the land under a verbal contract to purchase.    Plaintiff claims as purchaser at an officer's sale as personal property on an execution rendered in a lien claim suit against Dearborn, in favor of a material man.    Defendant claimed under a deed from Mills, which he procured as attorney for a Mr. Kendall, who furnished labor in erecting the building, and for

whom he prosecuted a lien claim suit to final judgment and execution, and levied upon the building and lot as realty.

The writ was dated December 16, 1879, and the plea was the general issue.

By the terms of the report, if the action could be maintained, the case was to be sent back for an assessment of damages; otherwise, nonsuit to be entered.

Other material facts stated in the opinion.

*Thomas H. B. Pierce*, for the plaintiff, contended that Dearborn had no legal interest in the land, greater than a tenancy at will, which is neither assignable nor attachable, citing : R. S., c. 73, § 10; *Dingley* v. *Buffum*, 57 Maine, 381, and commenting upon *Pulsifer* v. *Waterman*, 73 Maine, 233.

And where, as here, the debtor has no legal interest in the land the lien attaches to the building. R. S., c. 91, § 27. Counsel further contended that the building alone could be attached, seized and sold only as personal property, and that an attachment as really was void.

Counsel further contented that the report showed that Mills, before his conveyance to defendant, recognized plaintiff's title to the building and leased the building, and, therefore, he and the defendant were estopped by the tenancy of Mills, from denying the plaintiff's title. *Longfellow* v. *Longfellow*, 61 Maine, 590; *Ryder* v. *Mansell*, 66 Maine, 167.

*J. Crosby*, for the defendant.

PETERS, J. Section 27, c. 91, R. S., gives a lien for labor and materials furnished in the erection, alteration and repairing of houses and other buildings. It is a lien upon the realty if the debtor owns realty, and upon the building as personalty if the debtor owns the building only.

It appears that the debtor, under whom both parties claim in the present controversy, made a verbal purchase of a parcel of land, partly paid for it, took possession of it, erected a building upon it, and failed to pay for the labor and materials expended in erecting the building. One creditor attached the building as personal property, and another attached the building together

with the lot of land as real estate, to establish their lien claims thereon. Much has been said in the case about the propriety of the different modes of attachment. We have no doubt that the ordinary rule governs. Real estate must be attached as real estate, and personalty as personalty. The distinction between the two modes of attachment is not to be disregarded by a lien-creditor, any more than by other creditors. Both classes of creditors may have attachments upon the property at the same time. This construction, it is replied, will prevent a lien-creditor from attaching equitable interests in land. But it no more prevents lien-creditors than it does other creditors. Equitable interests that are not attachable by one class of creditors, are not attachable by any creditor. The legislature has merely given the lien-creditor a preference in the pursuit of remedies that are open to all creditors. Any different construction would lead inevitably to confusion.

The result of this view of the case, is, that neither of the attaching creditors got a valid attachment upon the building in controversy. The building became legally a part of the real estate of the party (Mr. Mills) who verbally contracted to sell the land. The debtor may have had some equitable right in the property, but not of a nature to be attached in a suit at law. Mere possession, without title, may be subject to execution. Possession is evidence of title. But where possession is held by means of some equitable title purely, it may be subject to an equitable, but not a legal, attachment. Freem. Judg. § 175 ; *Russell* v. *Lewis*, 2 Pick. 508. By force of the bargain between the parties the building became attached to and a part of the soil. It could neither be sold as the debtor's personal property, nor levied upon as his real estate. This is not the case of a building placed upon land by the permission of the owner of the land, with an understanding of the parties that the title to the structure is to remain in the builder. Of course, a person who verbally sells land to be built upon, may superadd such an agreement or permission to the verbal sale. But nothing of that kind appears here.

The doctrine applicable to the present case is that maintained in *Hemenway* v. *Cutler*, 51 Maine, 407, where it was decided, that erections made by one occupying land under a bond for a deed must be regarded as real estate, and cannot be removed by the occupant or be attached as his property. This rule must apply with as much force where the bargain of purchase is verbal instead of written. *Russell* v. *Richards*, 1 Fair. 429, is not an opposing authority. That case was decided upon the ground of estoppel, and even that case has been a good deal criticised by other courts. Certainly, its doctrine is not to be extended. See *Fifield* v. *Railroad*, 62 Maine, at p. 80. *Pullen* v. *Bell*, 40 Maine, 314, an opposing authority, was a briefly considered case and an erroneous decision. It was determined upon the authority of *Russell* v. *Richards*, *supra*, and wrongfully so, for the facts of the two cases are not alike. The case is undoubtedly over-ruled by later decisions. *Hinckley* v. *Black*, 70 Maine, 473; *Lapham* v. *Norton*, 71 Maine, 83. The doctrine of *Hemenway* v. *Cutler*, *supra*, is sustained by the Massachusetts court in quite a number of cases. *Poor* v. *Oakman*, 104 Mass. 309; *Westgate* v. *Wixon*, 128 Mass. 304, and cases cited. And such is the doctrine of the American and English cases generally.

But the counsel for the plaintiff ably argues the point presented upon his brief, that the facts bring this case within the operation of the principle established in the case of *Russell* v. *Richards*, cited *supra*. He contends that the cord of title which held the building to the soil, was severed, and that two separate ownerships were created, by the admissions and conduct of Mr. Mills, the owner of the soil. We think, however, that the most favorable view that can be taken of the facts will not sustain the position claimed by him. What did the owner do or say to prevent title accruing to himself, or to divest it from himself, up to the date of his deed to the defendant? It is not pretended that there was any original bargain that the builder should retain title to the structure to be erected. Nor is there any tangible evidence that can be construed into a complete disclaimer of ownership at any time. Mr. Mills himself states the matter as favorably for the plaintiff as any witness, and he denies, and his denial is not

overcome by other evidence, that he ever renounced all claim to the building. He constantly asserted that he would not release the building until certain damages, fifty dollars or so, for an injury to the lot, should be paid to him. He at no time fully let go of a claim upon the whole estate, building included. The principle must be the same whether he retained the title to secure a few dollars or many dollars.

The effect of the owner's consenting, if he did, to furnishing the supplies and labor, as provided for in R. S., c. 91, § 28, and laws of 1876, c. 140, is not spoken of upon the briefs of counsel. But the result would be the same. If any estate would be bound by the consent of the owner, it would be, *prima facie*, such estate as the owner had. Here he had the whole.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.

SYMONDS, J., concurred in the result.